1   PHILLIP A. TALBERT
    United States Attorney
2   KIMBERLY SANCHEZ
    MICHAEL TIERNEY
3   Assistant United States Attorneys
    2500 Tulare Street, Suite 4401
4   Fresno, CA 93721
    Telephone: (559) 497-4000
5   Facsimile: (559) 497-4099

6   Attorneys for Plaintiff
    United States of America
7

8                     IN THE UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                CASE NO. 1:22-CR-00153-JLT-SKO

12                        Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                              TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                  v.                        ORDER

14  SARAH MEENAHAN                            DATE: February 15, 2022
                                              TIME: 1:00 pm
15                        Defendants.         COURT: Hon. Sheila K. Oberto

16

17          This case is set for a status conference on February 15, 2023 at 1:00 p.m.  The parties stipulate

18  and request the Court to order that the status conference be vacated and set for a change of plea before

19  the Honorable Jennifer L. Thurston on February 21, 2022 at 10:00 a.m.  On May 26, 2021, the Court

20  issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized

21  the continued public health emergency, continued to authorize video or teleconference court

22  appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief,

23  and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time

24  under the Act.  On June 27, 2022, the Court issued General Order 652, which "authorized the use of

25  videoconference and teleconference technology in certain criminal proceedings under the in the Eastern

26  District of California."  This and previous General Orders highlight and were entered to address public

27  health concerns related to COVID-19.  Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must

28  be held "no later than 14 days after initial appearance if the defendant is in custody," unless the

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay." Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1.      The defendant has selected the first available date for the trial court's calendar for a change of plea that is also available on defense counsel's calendar.

2.      By this stipulation, defendants now move to vacate the status conference, and set a change of plea hearing before the Honorable Jennifer L. Thurston on February 21, 2023 at 10:00 a.m., and to exclude time from February 15, 2023 to February 21, 2023 under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports, videos, photographs, and related documents in electronic form. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      February 21, 2023 is the first available date on the Court's calendar for a change of plea that defense counsel's calendar also permits his appearance.

c)      The government does not object to the continuance.

d)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 7, 2023 to February 21,

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 6, 2023                    PHILLIP A. TALBERT
                                            United States Attorney

                                            /s/ KIMBERLY SANCHEZ
                                            KIMBERLY SANCHEZ
                                            Assistant United States Attorney

Dated:  February 6, 2023                    /s/ GRIFFIN ESTES
                                            GRIFFIN ESTES
                                            Counsel for Defendant
                                            Sarah Meenahan

**ORDER**

IT IS SO ORDERED.

DATED:  2/7/2023                            _Sheila K. Oberto_
                                            THE HONORABLE SHEILA K. OBERTO
                                            UNITED STATES MAGISTRATE JUDGE